**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PEDRO TIXI ROMERO,<br><br>Petitioner,<br><br>v.<br><br>ATTORNEY GENERAL OF THE UNITED STATES, *et al.*,<br><br>Respondents. | : | Civil No. 1:26-CV-01296<br><br><br><br><br><br><br><br>Judge Jennifer P. Wilson |

# MEMORANDUM

Before the court is a motion to enforce filed by Petitioner Pedro Tixi Romero ("Petitioner"). (Doc. 13.) For the reasons that follow, the motion will be denied and this case will be closed.

## BACKGROUND

On July 21, 2026, the court issued a memorandum and order granting Petitioner's petition for writ of habeas corpus. (Docs. 10, 11.) Therein, the court held that Petitioner was being improperly detained by Respondents' interpretation and application of 8 U.S.C. § 1225 and permanently enjoined Respondents from detaining Petitioner under Section 1225. (Doc. 10, pp. 3–11; Doc. 11.)[1] The court ordered that Petitioner be provided an individualized bond hearing before an immigration judge by June 17, 2026. (Doc. 10, p. 11; Doc. 11.) The court did not

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

close the case and required that Petitioner file a status report to advise the court of the status of the bond hearing by August 18, 2026. (Doc. 11.)

A hearing was held before an immigration judge on August 4, 2026. (Doc. 15-2.) At the conclusion of the hearing, the immigration judge denied Petitioner bond stating that he is a danger to the community and a flight risk. (Docs. 15-1, 15-2.)

Respondents filed a status report on August 17, 2026, and Petitioner filed a motion to enforce on August 25, 2026. (Docs. 12, 13.) On September 2, 2026, Respondents filed a brief in opposition, and a reply brief was filed on September 24, 2026. (Docs. 15, 20.) Thus, the motion to enforce is ripe for review.

## **DISCUSSION**

As a threshold matter, in response to the motion to enforce judgment, Respondents argue that the court lacks jurisdiction to consider the bond hearing pursuant to 8 U.S.C. § 1226(e) and that Petitioner must first exhaust his administrative remedies through the Board of Immigration Appeals. (Doc. 15, pp. 6–10.)

Section 1226(e) bars the court from reviewing the discretionary judgment of an immigration judge and from setting aside a decision regarding detention or revocation or denial of bond or parole. But it does not bar the court from reviewing constitutional challenges through habeas review. *Demore v. Kim*, 538

U.S. 510, 517 (2003) ("Section 1226(e) contains no explicit provision barring habeas review, and we think that its clear text does not bar respondent's constitutional challenge to the legislation authorizing his detention without bail.") Thus, the court has jurisdiction to review the pending motion and determine whether the bond hearing complied with the court's prior order and was constitutionally adequate.

As to exhaustion, Respondents' argument also fails. Although exhaustion is often required, there is no statutory requirement for exhaustion as "exhaustion exists only as a judicially created doctrine applied at the Court's discretion." *Kashranov v. Jamison*, 2:25-cv-5555, 2025 WL 3188399, at *4 (E.D. Pa. Nov. 14, 2025) (citing *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992)). And exhaustion "is likewise not required when it would be futile." *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-cv-5488, 2025 WL 3218243, at *4 (E.D. Pa. Nov. 18, 2025) (citation omitted). Here, the court finds that exhaustion is unnecessary and futile as Petitioner is requesting that the court review the constitutionality of the bond hearing that it ordered.

Turning to the merits of Petitioner's motion, he argues that he was denied a constitutional bond hearing before the immigration judge on August 4, 2026. (Doc. 13; Doc. 20, pp. 4–6.) He states that although he was represented by counsel, he was not provided with an adequate and competent interpreter for the

hearing. (Doc. 13; Doc. 20, pp. 4–6.) He also generally argues that the hearing was not constitutional. (Doc. 13; Doc. 20, pp. 4–6.)

Respondents submit that the bond hearing does not fall under the fundamentally unfair exception as outlined in case law. (Doc. 13, pp. 10–14.) They argue that after counsel for Petitioner submitted evidence and argument, the immigration judge found Petitioner to be a danger to the community and a flight risk. (*Id.* at 10.) Additionally, Respondents submit that Petitioner was provided with a Spanish interpreter at the bond hearing and no arguments were made by Petitioner or his counsel to suggest that the interpreter was not sufficient. (*Id.* at 13.) For these reasons, Respondents urge the court to deny the motion to enforce judgment.

Respondents rely on *Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274 (3d Cir. 2018), in arguing that a bond hearing must be constitutionally or legally deficient for this court to order a second bond hearing. The court agrees that *Borbot*'s holding applies, and finds that the fundamentally unfair exception is inapplicable here.

The Attorney General, through an immigration judge, is required to provide aliens with a fundamentally fair bond hearing. *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). A bond hearing before an immigration judge is fundamentally fair when it provides

due process and due process, in turn, requires three things. *Quinteros v. Warden Pike Cnty. Corr. Facility*, 7847 F. App'x 75, 78 (3d Cir. 2019). "An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his or her interests." *Id.* (quoting *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001) (cleaned up).

Applying these due process requirements to the August 4, 2026 hearing, the court finds that the immigration judge provided a fundamentally fair hearing. From a review of the transcript provided by Respondents, the immigration judge engaged in factfinding based on the record before him, which appears to have been disclosed to Petitioner. The immigration judge also allowed Petitioner's counsel to make arguments on his own behalf and present evidence, and provided Petitioner with an interpreter. Lastly, the immigration judge made a determination of Petitioner's interests, although Petitioner disagrees with that determination.

Accordingly, for the reasons stated herein, the motion will be denied, the court will enter judgment in favor of Petitioner, and close this case.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: October 7, 2026